IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOUISE BIGGERS,
        Plaintiff,

v.                                             Civil Action No. 3:15-cv-682

JOHN G. STRUMPH et al.,
        Defendants.

## OPINION

Louise Biggers filed an amended complaint alleging that she fulfilled the terms of her mortgage loan agreement with Wells Fargo Bank, N.A. ("Wells Fargo"), for which John Strumph serves as Chairman, President, and Chief Executive Officer ("CEO"). She seeks to have the Court declare that she has fully paid her loan and that the defendants have no further claim to her home. The defendants move to dismiss because Biggers did not sue her lender, Wells Fargo Bank. The defendants are technically correct, but the Court will treat Wells Fargo as a party and resolve this motion on its merits.

The defendants also argue that Biggers has failed to state a claim because she did not actually fulfill her obligations to Wells Fargo. Biggers says she paid off her mortgage with a money order routed through her "Treasury Exemption Account." Because no such account exists, the alleged payment did not satisfy Biggers's debt. Consequently, she has failed to state a claim upon which the Court may grant relief. The Court, therefore, dismisses her complaint with prejudice.

## I. BACKGROUND

In 2013, Biggers took out a mortgage from Wells Fargo's predecessor in interest. At some point prior to August 4, 2015, Biggers fell behind on her loan and Wells Fargo scheduled a

foreclosure sale. When Biggers objected, Wells Fargo delayed the foreclosure sale to investigate her objections. Biggers requested an accounting of what she still owed, and Wells Fargo responded with a payoff statement that stated that she owed $161,720.34.

On September 10, 2015, Biggers filed this suit, which the defendants eventually removed to this Court. Biggers argues that she paid the full amount left on the loan with a money order, attached as an exhibit to her pleading. On October 8, 2015, Biggers filed an amended complaint titled "First Amended Request for Temporary Restraining Order and Preliminary Injunction."[1] (Dk. No. 1-4, at 52.) In this amended pleading she asks that the Court "declare [her] debt has been settled in full accord and satisfaction," issue an order preventing any future foreclosure action on the property, and direct the defendants to record a "Deed of Reconveyance or any acceptable instrument that will relinquish" any claims to the property. The defendants filed a 12(b)(6) motion to dismiss for failure to state a claim.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, although courts should liberally construe the complaint, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated that "though [pro se] litigants cannot . . . be expected to frame legal issues with the clarity

---

[1] The defendants argue that because Biggers did not seek leave to amend her complaint, this Court should not consider any claims made in her amended complaint. As Biggers appears pro se, the Court grants her latitude and will analyze the arguments made in all of her pleadings.

and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The plaintiff's allegations, however, must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires the plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Biggers has failed to state a claim, and the Court therefore grants the defendants' 12(b)(6) motion. Biggers's complaint alleges that she requested an accounting from Wells Fargo and then paid the remainder of the mortgage via a money order. Biggers attached that money order as an exhibit to her complaint. The Court finds that the money order attached does not constitute a valid method of payment as it is a money order routed through her "Treasury Exemption Account" under a theory known as redemption theory.[2] Courts have universally rejected

---

[2] "Redemptionists contend that in 1933 the United States went bankrupt upon leaving the gold standard. In order to satisfy its debts, the United States leverages its citizenry as collateral, using birth certificates and Social Security numbers to create a contract with the incoming populace.

redemption theory "as having no basis in law." *Williams v. Galindo*, No. 3:11CV649, 2013 WL 4759248, at *2 (E.D. Va. Sept. 4, 2013); *see also Tirado v. New Jersey*, No 10-3408, 2011 WL 1256624, at *4–5 (D.N.J. Mar. 28, 2011); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 n.8 (D. Conn. 2010).

Every remedy that the plaintiff requests requires that she legally fulfilled her obligations under the loan. In other words, the Court cannot grant her any of the remedies she requests unless she has paid the remaining balance of her loan. Since her alleged payment did not constitute a legally valid money order, the plaintiff has failed to provide a factual basis for the conclusion that she fulfilled her obligations under the mortgage. The Court, therefore, finds that the plaintiff has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

Because Biggers has failed to state a claim upon which relief may be granted, the Court DISMISSES her complaint WITH PREJUDICE.

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Opinion to the pro se plaintiff via U.S. Mail.

Date: February 3, 2016  
Richmond, VA

/s/  
John A. Gibney, Jr  
United States District Judge

---

These documents have the effect of creating a dual personality within each person that consists of a real person and a 'strawman,' the fictitious corporate entity created by the United States. Those who subscribe to Redemptionism claim that the United States only has jurisdiction on the strawman, not the flesh-and-blood human. Additionally, when each United States citizen is born, an 'exemption account' is created for each person, a virtually bottomless well of money identified by the person's Social Security number. At the heart of Redemption[] theory lies the belief that, by filing certain financial documents, citizens can 'redeem' themselves and acquire an interest in the fictional person created by the government, and, consequently, the profits derived from the strawman's use." *Williams*, 2013 WL 4759248, at *5 (internal citations and quotations omitted).